**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| EMITERIO MURO,<br>    PLAINTIFF,<br><br>v.<br><br>BAYSIDE CAPITAL SERVICES, LLC, and<br>INTERNATIONAL FIDELITY<br>INSURANCE COMPANY,<br>    DEFENDANTS | Case No. 7:21-cv-2 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, *et seq*. by Bayside Capital Services, LLC ("Bayside").

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that all defendants transact business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff Emiterio Muro resides in this District.

### PARTIES

6. Plaintiff Emiterio Muro ("Plaintiff"), is an adult individual residing in Odessa, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

1

7. Bayside is a New York business entity operating from the Amherst, NY area.

8. Bayside was previously registered to do business in Texas but had its right to do business in Texas forfeited prior to the filing of this complaint.  Bayside has a registered agent in Texas, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, and can be served in New York at its principal place of business, 210 John Glenn Drive, Suite 11, Amherst, NY 14228, or as permitted by Texas or New York law.

9. As will be described below, Bayside communicated with each plaintiff for the purpose of getting each Plaintiff to pay Bayside on a past-due financial obligation that will also be described below.

10. Bayside advertises on its website (www.baysidecapitalservices.com/about-us/) (last visited January 6, 2021) that "Bayside Capital Services is a national debt collection agency. . . .  We are the intelligent alternative for your company's need for debt collection, clearing backlogged receivables, improving cash flow and liquidity while enhancing your profitability. . . . The team at Bayside Capital Services professionals is highly-skilled and trained in commercial and consumer third-party collections. . . ."

11. The principal purpose of Bayside is the collection of debts using the mails and telephone and other means.

12. Bayside regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

13. Bayside is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

14. Defendant International Fidelity Insurance Company ("IFIC") is liable for the acts committed by Bayside complained of herein pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 0575978, as well as any other applicable law.

15. IFIC is a foreign entity that can be served in the state of Texas via its registered agent, Paracop Incorporated, at 3610-2 North Josey Ln., Suite 223, Carrollton, TX 75007.

## FACTUAL ALLEGATIONS

16. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). The Account was used to purchase persona items or services, but was not used for business or commercial purposes.

17. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

18. The Account allegedly went into default with the original creditor.

19. Plaintiff admits the existence of the Account, but disputes the amount Bayside attempted to collect from them.

20. Plaintiff requests that Defendants cease all further communications regarding the Account.

21. After the Account allegedly went into default, the Account was purchased by or otherwise transferred to Bayside for collection.

22. In November 2020, Bayside communicated with Plaintiff and told him that it was going to file theft charges against Plaintiff for failure to repay the Account and that Plaintiff needed an attorney.

23. The next day, concerned about the information he was provided the day before, he called back to Bayside when he was told by Bayside that he needed an attorney because the paperwork was ready to be filed.

24. Bayside made false and misleading statements in its attempts to collect the Account from Plaintiff as it would not be filing charges for theft against Plaintiff nor was any "paperwork" ready to be filed.

25. The statements described above would cause the least sophisticated consumer to believe that a lawsuit had been filed or immanently would be filed and that criminal charges would be filed against the consumer and that involuntary recovery methods such as wage garnishments, arrest or imprisonment would be initiated.

26. All of the statements and actions described above were used to scare Plaintiff into making a payment on the Account.

27. In all of the communications described above with Bayside, Bayside did not inform Plaintiff that the caller was a debt collector or that the call was an attempt to collect a debt or that any information would be used for the purpose of debt collection.

28. Bayside never informed Plaintiff of him rights to dispute the debt or request validation of the debt in the first communication with Plaintiff or within five days of the first communication with Plaintiff.

29. Each telephone call with Plaintiff described herein constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

30. The only reason that Bayside and/or its representative(s), employee(s) and/or agent(s) communicated with Plaintiff was to attempt to collect the Account.

31. All of the conduct by Bayside and its respective employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

32. Plaintiff suffered actual damages in the form of embarrassment, depression, worry, loss of appetite, sleeplessness, stress and anxiety and distraction from normal life.

33. As a consequence of the collection activities and communication(s) by Bayside, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

34. The representative(s) and/or collector(s) of Bayside were employee(s) and/or agents of Bayside at all times mentioned herein.

35. The representative(s) and/or collector(s) at Bayside were acting within the course of their employment at all times mentioned herein.

36. The representative(s) and/or collector(s) at Bayside were under the direct supervision and control of Bayside.

37. The actions of the representative(s) and/or collector(s) at Bayside are imputed to their employer, Bayside.

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY BAYSIDE CAPITAL SERVICES, LLC

38. The previous paragraphs are incorporated into this Count as if set forth in full.

39. The act(s) and omission(s) of Bayside and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(2)&(6) and § 1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g(a).

40. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Bayside.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY BAYSIDE CAPITAL SERVICES, LLC

41. The previous paragraphs are incorporated into this Count as if set forth in full.

42. The act(s) and omission(s) of Bayside and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.301(a)(2)&(5)&(6)&(8) and § 392.302(1) and § 392.304(a)(4)&(5)(A)&(5)(B)&(8)&(14)&(16)&(17)&(19).

43. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Bayside.

44. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Bayside enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY BAYSIDE CAPITAL SERVICES, LLC

45. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Bayside is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).  Bayside intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

46. Plaintiff suffered actual damages from Bayside as a result of Bayside's intrusion.

### COUNT IV:  IMPUTED LIABILITY OF INTERNATIONAL FIDELITY INSURANCE COMPANY FOR LIABILITY OF BY BAYSIDE CAPITAL SERVICES, LLC

47. The previous paragraphs are incorporated into this Count as if set forth in full.

48. The act(s) and omission(s) of Bayside and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.301(a)(2)&(5)&(6)&(8) and § 392.302(1) and § 392.304(a)(4)&(5)(A)&(5)(B)&(8)&(14)&(16)&(17)&(19) are imputed to IFIC pursuant to Tex. Fin. Code § 392.102.

49. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from IFIC.

## EXEMPLARY DAMAGES

50. Exemplary damages should be awarded against Bayside because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by Bayside to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that the actions and/or omissions of Bayside (i) when viewed objectively from the standpoint of Bayside at the time of the acts and/or omissions, those acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that Bayside had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

51. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

52. Judgment in favor of Plaintiff and against Bayside Capital Services, LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

d. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

e. An injunction permanently enjoining Bayside from future violations of the Texas Finance Code as described herein;

f. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

g. Such other and further relief as the Court deems just and proper.

53. Judgment in favor of Plaintiff and against IFIC as follows:

a. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403 as assessed against Bayside up to $10,000.00;

b. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
11610 Pleasant Ridge Rd.
Suite 103 – PMB 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff