## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **EMITERIO MURO,** § | | |
| *Plaintiff*, § | | |
| § | | |
| **v.** § | | **MO:21-CV-00002-DC** |
| § | | |
| **BAYSIDE CAPITAL SERVICES, LLC,** § | | |
| **and INTERNATIONAL FIDELITY** § | | |
| **INSURANCE COMPANY,** § | | |
| *Defendants*. § | | |

## ORDER OF DISMISSAL

On this day, the Court reviewed the status of the above-captioned cause. Plaintiff Emiterio Muro (Plaintiff) filed this lawsuit on January 7, 2021. (Doc. 1). However, he did not serve Defendants Bayside Capital Services, LLC, and International Fidelity Insurance Company (Defendants) as required by Federal Rule of Civil Procedure 4. The Court issued an order to require service on May 26, 2021. (Doc. 4). The Court ordered Plaintiff to file proof of service upon Defendants no later than June 9, 2021. *Id.* Additionally, the Court warned Plaintiff that failure to comply with the Court's order could result in the dismissal of Plaintiff's Complaint against Defendants for want of prosecution. *Id.*

District courts may dismiss a case *sua sponte* for want of prosecution. Fed. R. Civ. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). However, a district court may only dismiss without prejudice unless the party's failure to comply with the court's order was purposeful, and the imposition of a lesser sanction would be futile. *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996); *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). To date, Plaintiff has failed to comply with the Court's previous order requiring proof of service. Because service on Defendants is crucial to the progression of the case,

Plaintiff's failure to serve Defendants or explain to the Court why service has not been accomplished warrants dismissal. *See, e.g.*, *Abdul-Rahman v. Bank of Am.*, No. 3:14-CV-2365-M, 2014 WL 5472442, at *1 (N.D. Tex. Oct. 29, 2014) (dismissing the case because plaintiff failed to provide the information requested by the court to determine jurisdiction); *Murray v. Unidentified Officer*, No. CIV.A. 1:05CV329, 2007 WL 161010, at *1 (E.D. Tex. Jan. 17, 2007) ("By failing to comply with the order described forth above, plaintiff has failed to diligently prosecute this case. Accordingly, this case should be dismissed for want of prosecution.").

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint against all Defendants. (Doc. 1).

It is so **ORDERED**.

SIGNED this 28th day of June, 2021.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE